{¶ 26} I would affirm the judgment of the trial court. Although I recognize that this is not a strong case for conviction, in my view a reasonable finder of fact could conclude, based upon the evidence in the record, that Weaver was the person who had the accident with the Currys and failed to stop afterwards.
 {¶ 27} To begin with, the finder of fact must be given substantial deference when it comes to determining the credibility of witnesses, since the finder of fact actually saw and heard them testify. State v. Lawson (August 12, 1997), Montgomery App. No. 16286. It appears that the only incorrect aspect of the description of the other driver furnished by the Currys was his weight. While this could have been a basis for the trial court to have concluded that the Currys were mistaken in their identification, mis-estimates of a person's weight are not uncommon. The other driver was driving in sub-45 degree weather with his convertible top down. Although the record apparently does not refer to how he was clothed, it is reasonable to infer that he was dressed appropriately to the temperature, which could have made him look heavier than he was.
 {¶ 28} I agree that Mrs. Curry's testimony that she saw that the offending car had no front license plate is significant. That Mr. Curry's signed report to the investigating officer failed to mention this fact does not directly contradict his wife's testimony on this point. Mr. Curry may not have appreciated the evidentiary significance of this fact when he gave his report. Alternatively, he may not have noticed the absence of the front license plate.
 {¶ 29} Although there was testimony that the grille of the offending car "was pushed in a little," it is not clear how difficult this would have been to fix, or whether the car's owner would have required professional assistance to restore the grille to its original position.
 {¶ 30} In the absence of any testimony concerning the meticulousness and reliability of the attendance records maintained by ITT Tech, I cannot say that the trial court did not give sufficient weight to the record reflecting Weaver's class attendance at the time of the accident.
 {¶ 31} I would overrule Weaver's assignment of error and affirm the judgment of the trial court.